THIRD DISTRICT—MARCH, 1910.     187

Brown v. Cleveland, C., C. & St. L. R. Co., 155 Ill. App.. 187.

## G. H. Brown, Appellant, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellee.

1. COMMON CARRIERS—*obligation to deliver merchandise.* If a carrier delivers to any other than the true owner it does so at its peril.

2. COMMON CARRIERS—*what cannot be set-off against claim arising for wrongful delivery.* If a carrier is liable for the wrongful delivery of merchandise transported by it, it cannot set-off against its liability a claim against the plaintiff assigned to it after suit brought.

Assumpsit. Appeal from the Circuit Court of Clark county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1909. Reversed and judgment here. Opinion filed March 30, 1910.

HOLLENBECK & CONNELLY, for appellant.

C. S. CONGER, and W. B. SCHOLFIELD, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This case was tried below upon an agreed statement of facts by the court without a jury. Finding and judgment for appellant for $51.41, from which appellant brings the cause to this court.

The agreed statement of facts in this case is in substance as follows:

On April 7, 1908, appellant shipped a car of hay by appellee company from Marshall, Illinois, to Cincinnati, Ohio. The car was shipped and billed to appellant in his own name and to his own order. Attached to the bill of lading was a draft. The bill of lading and draft were sent to a bank at Cincinnati with directions to notify the Union Grain & Hay Co., Cincinnati. This company, when notified, refused to accept the bill of lading and pay the draft, and assigned as reason therefor, appellant owed them on an old account $94.34. As between appellant and the Union Grain & Hay Co., this account was disputed. Upon refusal to accept the draft and bill of lading, appellant sold the hay to C. D.

Calvery Co., Terre Haute, Indiana. The bill of lading was delivered to them. Appellee company refused to recognize this sale and assignment or deliver the hay to Calvery & Co., on demand.

The appellee company, on or about the 13th day of May, 1908, without any authority or direction from appellant and without taking up the bill of lading, delivered the hay to the Union Grain and Hay Co., which company gave appellee an indemnifying bond against loss for so doing.

For the purpose of this suit it was stipulated as between appellant and appellee that Brown owed Union Grain & Hay Co. $94.34, being the amount claimed. That on July 27, 1908, the Union Grain & Hay Co., for a valuable consideration, assigned its account of $94.34 and all interest therein to appellee. Appellant brought suit to recover for the value of the carload of hay which was stipulated to be $145.75. The trial court allowed the amount of the claim of the Union Grain & Hay Co., so assigned to appellee, $94.34, and gave judgment for the balance, $51.41, in favor of appellant. By shipping this car of hay to his own order, appellant retained the control thereof, and as between appellant and appellee the property remained his and the only condition upon which it could properly and legally be delivered by appellee was upon the presentation of the bill of lading. It is the duty of a common carrier to deliver property either to the consignee or the consignor. If delivered to the consignee, it must be on the terms specified, but if delivered otherwise, it must deliver to the true owner. By undertaking to deliver to any other party, it does so at its peril. It devolves on it to show that the party to whom it is delivered was the owner. American Express Co. v. Greenhalgh, 80 Ill. 69; Commercial Bank v. Railway Co., 160 Ill. 406. The delivery of this hay to the Union Grain & Hay Co. was a wrongful delivery and for which the appellee is liable to appellant for the value thereof, and the at-

tempt by appellee to take an assignment of the claim
alleged to be due the Union Grain & Hay Co., is of no
avail to appellee. This claim was merely a *chose in
action* and one which could not be assigned to appellee
and claimed as a set-off against appellant. The as-
signment of this claim to him was after suit had been
brought by appellant to recover for the wrongful deliv-
ery of this car of hay. At the time of suit appellee
had no claim against appellant and the assignment in
this case having been after suit was brought and solely
for the purpose of attempting to set-off the claim
against appellant's demand, it was not a proper set-
off; the rule being, that in pleading a set-off the de-
fendant assumes the position of plaintiff and is re-
quired to prove the same facts that he would be re-
quired to prove if he had brought an original action on
his demand. The court erred in permitting this set-
off as against appellant's demand.

Numerous propositions of law were submitted to the
trial court which, so far as held, were properly held by
it. The court held the following among other propo-
sitions:

"The court holds as a proposition of law, that as
Mr. Brown, the plaintiff in this case, had taken the bill
of lading in his own name and to his own order, that
the defendant railroad company could not, under the
circumstances, legally deliver the carload of hay for
which the bill of lading was issued to any other than
Mr. Brown, or some one authorized by Brown to re-
ceive the hay, and that when the railroad company, the
defendant in this case, delivered the carload of hay to
the Union Grain & Hay Company without any author-
ity from Mr. Brown and without then presenting the
bill of lading, that the defendant was liable to Mr.
Brown for the conversion of the carload of hay.

"The court holds as a proposition of law, that as
the C. C. C. & St. L. R. R. Co., defendant, had accepted
the carload of hay for shipment and that the bill of
lading was drawn to the order of Brown, the plaintiff,

the duty devolved upon the railroad company in this case to prove that it had delivered the goods to the right owner.

"The court holds as a proposition of law that the C. C. C. & St. L. Railway Company, defendant, had no right under the law, after suit was brought by Mr. Brown against it in the justice of the peace court, to receive this assignment from the Union Grain & Hay Company for the purpose of off-setting it against Mr. Brown for any damages due him because of the delivery of the car of hay by the said C. C. C. & St. L. Railway Company to the Union Grain and Hay Company."

But the judgment in this case is rendered in direct opposition to the holdings of the trial court on the propositions of law.

The counsel for appellant argue that the court erred in refusing to hold propositions of law submitted, numbers two, four and nine. It is sufficient to say that the questions raised by propositions two, four and nine are embodied in the propositions which were held as the law by the trial court and the court committed no error in refusing them.

The stipulation of facts in this case shows an absolute right on the part of the appellant to recover the value of this car of hay and the trial court should have found a judgment for him for that amount and costs against appellee. Upon this stipulation no other judgment can be rendered and the judgment of the trial court in allowing the claim of set-off to appellee is hereby reversed and a judgment rendered in this court for the amount which should have been rendered in the trial court against appellee, $145.75, and costs of suit; and execution awarded out of this court and the clerk will enter such judgment herein.

Final judgment in this court without remanding.

*Reversed and judgment here.*